UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kirk A. Kennedy and Stephen R. Cochell, | § § § | |
|   Appellants | § § | |
| *versus* | § § | Civil Action H-08-1598 |
| Mindprint, Inc., | § § § | |
|   Appellee | § | |

-----------------------------------------------

| | | |
|---|---|---|
| IN RE: | § § | |
| ProEducation International, Inc., | § § | Bankruptcy 00-40529-H5-7 |
|   Debtor. | § § | |

## Opinion on Attorney Disqualification

  Kirk Kennedy joined Jackson-Walker in its Houston office and worked in the bankruptcy section. The Houston branch of Jackson-Walker had represented MindPrint, Inc., in a bankruptcy three years before Kennedy joined and during his one-year stint at the firm. Although Kennedy did not directly work on MindPrint's case in the bankruptcy of ProEducation International, Inc., he worked in the same section and branch that represented that client.

  Drs. Mark A. D'Andrea and James F. Fairleigh are a couple of the creditors in the adversary actions. Within six months of leaving Jackson-Walker, Kennedy became counsel for the doctors and worked on their claim for fees against the interest of MindPrint. Even though Jackson-Walker objected to Kennedy's representation of the doctors, Kennedy continued to represent them – first surreptitiously and then directly – in matters adverse to MindPrint.

  While a bankruptcy may have many subparts, Kennedy at least should have known that representing an adversary of his former firm in continuing litigation was impermissible without MindPrint's consent. *See* Model Rules of Prof'l Conduct R. 1.9 (2002).

  Signed on June 13, 2008, at Houston, Texas.

                   _____
                    Lynn N. Hughes
                  United States District Judge